UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| WALTER A. RUBIN DeCELIS ) | Case No. 05-11844-RGM |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| H. JASON GOLD, TRUSTEE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 05-1424 |
| ) | |
| WALTER RUBIN DeCELIS, *et al.* ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT**

An expedited hearing was held in open court on August 9, 2006, on the plaintiff's emergency motion to amend the default judgment previously entered against defendant Carlos Chevez. The plaintiff was present by counsel. Mr. Chevez, although given notice of the hearing, was not present. For the reasons stated, the motion to amend the default judgment must be denied.

Background

Walter A. Rubin DeCelis ("the debtor") filed a voluntary petition in this court on May 12, 2005, for relief under chapter 7 of the Bankruptcy Code. H. Jason Gold was appointed as trustee. On July 18, 2005, the trustee filed the present adversary proceeding against the debtor, Chevez, and two individuals named Arun Sapra and Roberto Pena. The

complaint is pleaded in four counts: Counts I and II seek to avoid a series of transfers of real estate located at 7421 Blackford Street, Springfield, Virginia, and to recover the property for the benefit of the bankruptcy estate; Count III seeks damages for an alleged civil conspiracy by the defendants to injure the debtor's creditors; and Count IV objects to the debtor's discharge.  At the time the trustee brought the complaint, he had not obtained a title report, and the complaint is vague, to say the least, as to when and how Chevez acquired an interest in the property.  The complaint recites only that the debtor acquired a fee simple interest in the property on or about August 3, 2004, and that "[o]n or after August 3, 2004, Defendant Chavez acquired an interest in the [p]roperty."  Complaint ¶ 6. After some difficulties in obtaining proper service on Chevez—and after a dismissal of the complaint for failure to prosecute was vacated—default judgment was eventually entered against Chevez on March 17, 2006, decreeing that "the transfer by Defendant DeCelis to Defendant Chevez of an interest in the property known as 7421 Blackford Street, Springfield, Virginia . . . is void." Sapra and Pena having in the meantime reconveyed the property to the debtor and Chevez, the trustee then filed a notice of voluntary dismissal, and the clerk closed the adversary proceeding.[1]

The trustee then marketed the property, and an order was entered on June 28, 2006, granting the trustee's motion to sell the property for $480,000.00.  At settlement, the title

---

[1] Because a complaint (or count within a complaint) objecting to the debtor's discharge may be dismissed only upon order of the court after notice to the trustee, United States Trustee, and such other parties as the court directs, Fed.R.Bankr.P. 7041, a separate order has been entered on the court's own motion reinstating Count IV on the docket and treating the notice of dismissal as affecting only the claims against Sapra and Pena and the civil conspiracy claim against the other defendants.

company was concerned that the default judgment order did not extinguish Chevez's ownership interest in the property, and the trustee then filed on August 2, 2006, the motion that is presently before the court to amend the default judgment order to state "that any interest of Defendant Carlos Chevez in the property known as 7421 Blackford Street . . . is void."

Because the allegations in the complaint did not appear to set forth facts that would support an order voiding Chevez's interest in the property, Judge Mayer directed that an expedited hearing be held at which evidence could be presented concerning the chain of title.[2] At the hearing, the trustee presented a title report, together with recorded copies of the relevant instruments, that reflect the following sequence of events. The debtor and Chevez acquired the property "as tenants in common, share an [sic] share alike" by deed from James L. Lewis and Bernadette Boka dated June 30, 2004, and recorded on August 3, 2004. On July 26, 2004, the debtor and Chevez executed first and second deeds of trust in favor of Saxon Mortgage, Inc.[3] The deeds of trust, like the deed, were recorded on August 3, 2004. Thus, on the date the chapter 7 petition was filed, record title to the property was vested in the debtor and Chevez as tenants in common, each as to an undivided one-half interest, subject to the two deeds of trust in favor of Saxon Mortgage, Inc.

---

[2] At Judge Mayer's request, the hearing was conducted by the undersigned bankruptcy judge.

[3] With respect to the first deed of trust, however, the exhibits attached by Saxon Mortgage to its motion for relief from the automatic stay—which has been regularly continued to allow the trustee an opportunity to sell the property—show that only the debtor is liable on the promissory note. The proof of claim filed with respect to the second deed of trust reflects that it is now held by JP Morgan Chase Bank as trustee and is serviced by Wilshire Credit Corporation.

On March 7, 2005—approximately two months prior to the filing of the bankruptcy petition—two deeds were signed.  The first, by the debtor and Chevez, conveyed the property to the debtor, Sapra, and Pena as tenants in common, with the debtor having a 1% interest in the property and Sapra and Pena each having a 49.5% interest.  The second deed, by the debtor, Sapra and Pena, conveyed the property to Sapra and Pena.  These deeds were not recorded, however, until July 7, 2005, some two months after the bankruptcy petition was filed.

## Discussion

Because the trustee did not obtain a title report prior to filing the complaint, he was not aware that Chevez acquired title to the property with the debtor, not from the debtor.  The complaint alleges no facts that would support a judgment that Chevez's co-ownership interest was not valid or that he was named as a grantee in the deed as some kind of ploy to defeat and defraud the debtor's creditors.  The only allegations of fraud relate to the series of transfers by which Sapra and Pena acquired ownership of the property.  Because the complaint was premised on the belief that Chevez acquired his interest in the property from the debtor, the default judgment (consistent with the allegations of the complaint) decreed that the transfer from the debtor to Chavez was void.  Since there was no such transfer, the decree has no practical effect. But even if it were viewed as also voiding any subsequent transfers by Chevez, the end result is simply to restore the debtor and Chavez to the position they occupied prior to the challenged conveyances.

It possibly may be, as trustee's counsel suggested at the hearing, that Chevez did not contribute to the purchase of the property or to payment of the mortgage and for that reason

should be seen as some kind of straw or as otherwise lacking a real ownership interest in the property.  However, there are no allegations in the complaint to that effect, and no other pleaded facts that would support a cause of action to extinguish Chevez's ownership interest.  And even if it were possible for the court—in the context of a motion for default judgment—to receive evidence in support of an unpleaded alternative theory of relief,  no evidence was presented to support such a theory.  For that reason, the motion to amend the default judgment order must be denied.[4]

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to amend the default judgment order is denied.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____           _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge

---

[4] The court's ruling does not prevent the trustee from amending the complaint to assert any cause of action otherwise supported by the facts and the applicable law to determine that Chevez does not have an ownership interest in the property.  The ruling also does not prevent the trustee from amending the complaint to include a count allowing the trustee to sell the interest of both the debtor and Chevez or of seeking expedited relief so as to permit the existing sales contract to go to settlement.

Copies to:

Joel S. Aronson, Esquire
Ridberg, Press & Sherbill, LLP
3 Bethesda Metro Center, Suite 650
Bethesda, MD  20814-5329
Counsel for the plaintiff

Carlos Chevez
342 Ospreys Landing, Apt. 2102
Naples, FL 34104
Defendant

Todd Stewart Baldwin, Esquire
Baldwin, Molina & Escoto
806 7th Street N.W. Suite 301
Washington, DC 20001
Counsel for defendant Walter Ruben DeCelis